# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# WESTERN DIVISION

| | |
|---|---|
| KILLER JOE NEVADA, L.L.C.,<br><br>Plaintiff,<br>vs.<br><br>LEIGH LEAVERTON, BRITTANY BOLAN, and JASON FILLS,<br><br>Defendants. | No. C 13-4036-MWB<br><br>**MEMORANDUM OPINION AND ORDER REGARDING PLAINTIFF'S MOTION FOR DISMISSAL WITH PREJUDICE OF BOTH ITS COMPLAINT AGAINST DEFENDANT LEAVERTON AND DEFENDANT LEAVERTON'S COUNTERCLAIM** |

_____

**TABLE OF CONTENTS**

*I.* *INTRODUCTION*................................................................*2*
    *A.* *Background*............................................................*2*
    *B.* *Killer Joe Nevada's Motion To Dismiss*..............................*5*

*II.* *LEGAL ANALYSIS* .........................................................*7*
    *A.* *Voluntary Dismissal Of Killer Joe Nevada's Claim*....................*7*
    *B.* *Dismissal Of Leaverton's Counterclaim*..............................*9*
    *C.* *Leaverton's Entitlement To Fees And Costs As A*
       *"Prevailing Party"*..................................................*11*

*III.* *CONCLUSION* ...............................................................*14*

This case arises from alleged infringement of a copyright for a motion picture by transferring copies of that motion picture among peer-to-peer network users. The plaintiff originally brought the case against numerous "Doe" defendants identified only by IP addresses. This case is before me on the plaintiff's motion for voluntary dismissal, with prejudice, of its claim of infringement against one subsequently identified defendant and dismissal, as moot, of that defendant's counterclaim for declaratory judgment of non-infringement. In response, the identified defendant states that she does not object to the plaintiff's dismissal of its claim against her, so long as the dismissal is with prejudice and she is awarded attorney's fees as the prevailing party on the plaintiff's claim. She contends that, if I do not both dismiss the plaintiff's complaint against her with prejudice and award her attorney's fees, her counterclaim is not moot and should not be dismissed.

## I. INTRODUCTION

### A. Background

Plaintiff Killer Joe Nevada, L.L.C., alleges—in both its original April 26, 2013, Complaint (docket no. 2) and its February 4, 2014, Amended Complaint—that it is a California corporation engaged in the development and production of motion pictures for theatrical exhibition, home entertainment, and other forms of distribution. More specifically, for present purposes, Killer Joe Nevada alleges that it is the owner of the copyrights and/or the pertinent exclusive rights under copyright in the United States in the motion picture titled "Killer Joe," written by Tracy Letts, directed by William Friedkin, and starring Matthew McConaughey, Emile Hirsch, and Juno Temple, among others. In its original Complaint, Killer Joe Nevada identified twenty "Doe" defendants by the Internet Protocol (IP) address assigned to that defendant by his or her internet service provider (ISP) and the date and the time at which the infringing activity allegedly

occurred. Killer Joe Nevada alleged that each defendant, without Killer Joe Nevada's permission or consent, has used, and continues to use, an online media distribution system to reproduce and distribute to the public, including by making available for distribution to others, the copyrighted motion picture, "Killer Joe." Complaint, ¶ 14; Amended Complaint (docket no. 32), ¶ 14.

Somewhat more specifically, Killer Joe Nevada alleges that each defendant deliberately participated in a "swarm" and/or reproduced and/or distributed the same seed file of "Killer Joe" in digital form with other defendants. In particular, Killer Joe Nevada alleges that the defendants participated in a collective and interdependent manner in a "swarm" with other defendants via the Internet for the unlawful purpose of reproducing, exchanging and distributing portions of infringing copyrighted material unique to the "swarm." Complaint at ¶ 15; Amended Complaint at ¶ 15. Killer Joe Nevada seeks a permanent injunction enjoining each defendant from directly or indirectly infringing its rights in "Killer Joe" and any other motion picture that it owns or controls; a finding of willful infringement of its copyright and injury to its business reputation and business; actual or statutory damages; impoundment of all infringing copies of its works; an award of attorney's fees, litigation expenses, and other costs of this action, and such other declaratory and injunctive relief as may be just and proper under the circumstances. Complaint, Prayer For Relief; Amended Complaint, Prayer For Relief.

By Order (docket no. 9), filed July 15, 2013, Killer Joe Nevada was authorized to serve Rule 45 subpoenas on the appropriate ISP with regard to each IP address it had identified requesting disclosure of information sufficient to identify the name, address, telephone number, email address, and media access control (MAC) address associated with each IP address as of the relevant date(s). Killer Joe Nevada was denied an "open-ended" order that would automatically permit additional subpoenas to be served as Killer

Joe Nevada discovered additional IP addresses that may be involved in allegedly infringing activity.

After conducting such discovery, Killer Joe Nevada voluntarily dismissed, without prejudice, one "Doe" defendant on November 14, 2013, and it voluntarily dismissed, without prejudice, another 13 "Doe" defendants on January 31, 2014. Killer Joe Nevada then filed, on February 4, 2014, an Amended Complaint (docket no. 32) identifying defendants Leigh Leaverton, Nicholas Anderson, Brittany Bolan, Richard Brother, and Jason Fills. On May 8, 2014, Killer Joe Nevada voluntarily dismissed, without prejudice, that last remaining "Doe" defendant, and, on May 20, 2014, it voluntarily dismissed, without prejudice, named defendants Anderson and Brother. It appears that defendant Bolan was served with Killer Joe Nevada's Amended Complaint on March 17, 3014, but Bolan has filed no timely answer. It does not appear that defendant Fills has ever been served.

In her Counterclaim, which is at issue here, Leaverton alleges the following:

> 24. Defendant Leaverton did not download the movie at issue and did not infringe on Plaintiff's alleged copyright. Despite that fact, she has been sued in federal court, has been forced to defend, and has been repeatedly threatened by the Plaintiff with owing more than $150,000 in damages plus attorneys' fees along with other threats such as having her computer and its contents invaded by so-called forensic experts. Leaverton is nothing more than the responsible party for an IP Address that Plaintiff contends was involved in copyright infringement. Being the responsible party for an IP address is far from proof of copyright infringement, as courts have previously recognized.
>
> 25. Defendant Leaverton is suffering, and continues to suffer[,] harm from Plaintiff's allegations and seeks a declaratory judgment that she did not download or upload copyrighted material, did not infringe on Plaintiff's alleged copyright and is not liable to the Plaintiff.

4

Answer and Counterclaim (docket no. 35), Counterclaim, ¶¶ 24-25. As relief, Leaverton seeks dismissal, with prejudice, of Killer Joe Nevada's Amended Complaint against her, with all costs assessed against Killer Joe Nevada; a declaratory judgment of her non-infringement of Killer Joe Nevada's alleged copyright and her non-liability for any such infringement; attorney's fees, expert witness fees, and costs associated with her defense; and any and all further relief that the court deems just. *Id*. at Prayer.

### B. *Killer Joe Nevada's Motion To Dismiss*

On June 11, 2014, Killer Joe Nevada filed the Motion For Dismissal With Prejudice [Of] Both Plaintiff's Complaint Against Leaverton And Defendant Leaverton's Counterclaim (docket no. 46) now before me. In essence, Killer Joe Nevada seeks (1) dismissal, with prejudice, of its action against Leaverton, pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure; and, if that motion is granted, (2) dismissal of Leaverton's counterclaim, as non-justiciable for mootness and lack of subject matter jurisdiction, pursuant to Rule 41(a)(2) and Rule 12(b)(1), and (3) denial of Leaverton's claims for additional relief.

More specifically, Killer Joe Nevada argues that dismissal of its claim against Leaverton is appropriate, because its attorneys, in their professional judgment, accept the truth and veracity of Leaverton's attorney's statements that Leaverton did not commit copyright infringement, based on discussions with her attorney that occurred immediately after the filing of Leaverton's Answer and Counterclaim. Killer Joe Nevada represents that it had previously offered settlement and dismissal without prejudice, but that Leaverton rejected that offer. Killer Joe Nevada argues that dismissal is appropriate now to avoid substantial costs and additional attorney's fees for both parties. Killer Joe Nevada also represents that it has evaluated the situation of numerous other similarly-situated defendants and, where appropriate, has dismissed its infringement claims without

prejudice, where its attorneys determined that it was unlikely that the defendant in question committed the infringement or determined that, for other reasons, continued pursuit of its claims was not in the interest of their client or justice. Killer Joe Nevada argues that Leaverton's counterclaim should also be dismissed, with prejudice, because there is no further threat of litigation, making Leaverton's counterclaims moot and non-justiciable as a matter of law. Killer Joe Nevada asserts that Leaverton made no efforts to contact it for four months after it sent her a demand and settlement offer and that it received no direct contact from Leaverton before she engaged counsel—indeed, Killer Joe Nevada asserts that Leaverton's attorney made no attempt to contact its attorneys before filing Leaverton's Answer and Counterclaim. Killer Joe Nevada argues that, if Leaverton had attempted to contact its attorneys, this case would have been dismissed before more than minimal attorney's fees were incurred. Killer Joe Nevada denies that it has engaged in any "sanctionable" conduct by initiating this lawsuit against the owners of IP addresses identified as engaging in infringing activity; rather, it contends that its allegation that the owners of the IP addresses engaged in the alleged infringement is plausible.

In her Response (docket no. 47), filed June 30, 2014, Leaverton argues that dismissal of Killer Joe Nevada's claims with prejudice is appropriate, but that it is also appropriate to condition that dismissal on the payment of her attorney's fees as a prevailing party. She contends that the dismissal of Killer Joe Nevada's claims is not based on some technicality, but on the fact that she did not infringe anyone's copyright. She contends that an award of attorney's fees would encourage defendants to litigate meritorious defenses to copyright infringement claims. She also contends that such an award would deter Killer Joe Nevada, its attorneys, and others like them from bringing suit against myriad defendants who merely owned IP addresses used to infringe a copyright, knowing that ownership of an IP address does not necessarily mean—and, in

6

fact, has little correlation to—infringing activity. Indeed, she contends that discovery and trial will reveal that a "shockingly high number of individuals responsible for an IP address where copyright infringement occurs are not the actual infringers." Defendant's Resistance Brief (docket no. 47-1), 4-5. She contends that Killer Joe Nevada and others should be deterred from attempting to coerce settlements or taking default judgments based on such a tenuous relationship between ownership of an IP address and infringing activity, especially where it appears that someone, like her, who actually seeks to defend against those claims is likely to be dismissed from the lawsuit. In short, she contends that this court should sanction Killer Joe Nevada by awarding her attorney's fees and costs "to prevent hundreds of innocent people from being sued in federal court for copyright infringement they did not commit." *Id*. at 9.

Killer Joe Nevada did not file a timely reply.

## II. LEGAL ANALYSIS

### A. *Voluntary Dismissal Of Killer Joe Nevada's Claim*

Rule 41 of the Federal Rules of Civil Procedure provides, in the part pertinent here, as follows:

> **(a) Voluntary Dismissal.**
>
> * * *
>
> **(2) *By Court Order; Effect*.** Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper. If a defendant has pleaded a counterclaim before being served with the plaintiff's motion to dismiss, the action may be dismissed over the defendant's objection only if the counterclaim can remain pending for independent

7

> adjudication. Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice.

FED. R. CIV. P. 41(a)(2). The Eighth Circuit Court of Appeals has explained,

> Our Court has previously opined on the considerations to be taken into account by a district court prior to dismissing under Rule 41(a)(2):
>
>> A decision whether to allow a party to voluntarily dismiss a case rests upon the sound discretion of the court. In exercising that discretion, a court should consider factors such as whether the party has presented a proper explanation for its desire to dismiss; whether a dismissal would result in a waste of judicial time and effort; and whether a dismissal will prejudice the defendants. Likewise, a party is not permitted to dismiss merely to escape an adverse decision nor to seek a more favorable forum.
>
> *Hamm v. Rhone–Poulenc Rorer Pharm., Inc.*, 187 F.3d 941, 950 (8th Cir.1999) (internal citations omitted).

*Thatcher v. Hanover Ins. Group, Inc.*, 659 F.3d 1212, 1213-14 (8th Cir. 2011).

As in *Thatcher*, the pertinent factors here support dismissal of Killer Joe Nevada's claims against Leaverton. Killer Joe Nevada's Motion To Dismiss came relatively promptly after Leaverton filed her Answer and Counterclaim, so that little judicial time and effort has been expended and any prejudice to Leaverton has been limited, where the case has not progressed beyond the pleading stage. *Id.* at 1214. Although certain factors in *Thatcher* counseled against allowing voluntary dismissal, there is no hint that Killer Joe Nevada is seeking dismissal to seek a more favorable forum, where Killer Joe Nevada seeks dismissal of its claim against Leaverton *with prejudice*. *Compare id.* at 1214. Nor is there any likelihood that the dismissal is intended to escape an adverse decision, where Killer Joe Nevada's explanation for the dismissal is that it has simply concluded that

Leaverton is not responsible for the alleged infringement at her IP address. *See id.* (identifying pertinent factors as the movant's explanation for its desire to dismiss and whether the dismissal is merely to escape an adverse decision (quoting *Hamm*, 187 F.3d at 950)).

Thus, on its face, dismissal of Killer Joe Nevada's claim against Leaverton is appropriate. The question is whether Leaverton's counterclaim should remain pending for independent adjudication.

### B. *Dismissal Of Leaverton's Counterclaim*

Killer Joe Nevada contends that its voluntary dismissal of its infringement claim, with prejudice, "moots" Leaverton's counterclaim for declaratory judgment of non-infringement, depriving this court of subject matter jurisdiction over it, and requiring dismissal of it, as well. Leaverton argues that her counterclaim is not "moot," if the dismissal of Killer Joe Nevada's claim is not "with prejudice" and she is not awarded fees as a prevailing party.

As the Eighth Circuit Court of Appeals has explained,

> Mootness applies in cases "in which one or both of the parties plainly lack a continuing interest, as when the parties have settled or a plaintiff pursuing a nonsurviving claim has died." *Friends of the Earth v. Laidlaw Environ. Servs.*, 528 U.S. 167, 189, 120 S.Ct. 693, 145 L.Ed.2d 610 (2000). The Supreme Court has written that "[a]s long as the parties have a concrete interest in the outcome of the litigation, the case is not moot notwithstanding the size of the dispute." *Firefighters Local Union No. 1784 v. Stotts*, 467 U.S. 561, 571, 104 S.Ct. 2576, 81 L.Ed.2d 483 (1984) (citing *Powell v. McCormack*, 395 U.S. 486, 496–98, 89 S.Ct. 1944, 23 L.Ed.2d 491 (1969)).

*First Union Nat'l Bank ex rel. Southeast Timber Leasing Statutory Trust v. Pictet Overseas Trust Corp., Ltd.*, 351 F.3d 810, 815-16 (8th Cir. 2003). The question is

whether the issues raised in a counterclaim, for example, are distinct or independent from the issues raised in a dismissed claim. *Id.*

In the related context of patent infringement, the Supreme Court has recognized that "[a] party seeking a declaratory judgment of *invalidity* presents a claim independent of a patentee's charge of *infringement*." *Cardinal Chem. Co. v. Morton Int'l, Inc.*, 508 U.S. 83, 96 (1993) (emphasis added). The same is not true of a claim of *infringement* and a counterclaim of *non-infringement*, of a patent, trademark, or copyright, however. *See, e.g., Vieau v. Japax, Inc.*, 823 F.2d 1510, 1517-20 (Fed. Cir. 1987), *rev'd in part*, *Cardinal Chem. Co.*, 408 U.S. 83 (reversing *Vieau* only as to the continued viability of a counterclaim of invalidity upon denial of an infringement claim).

Here, the only issue raised in Leaverton's counterclaim was the obverse of the issue raised in Killer Joe Nevada's claim, whether she infringed—or, as alleged in her counterclaim, did *not* infringe—Killer Joe Nevada's copyright. *See* Answer and Counterclaim at ¶¶ 24-25 (quoted above). She sought a declaratory judgment that defeated Killer Joe Nevada's claim, but she did not assert any independent claim of wrongdoing by Killer Joe Nevada as a basis for different or additional relief. Thus, Leaverton's counterclaim of non-infringement is not distinct or independent of Killer Joe Nevada's claim of infringement, and her non-infringement counterclaim is moot. *First Union Nat'l Bank*, 351 F.3d at 815-16. To put it another way, Leaverton's "continuing interest," *see id.*, is not in the issue of infringement/non-infringement, which is fully resolved by Killer Joe Nevada's dismissal of its infringement claim with prejudice, but in the subsidiary issue of whether dismissal of Killer Joe Nevada's claim entitles her to attorney's fees and costs as a "prevailing party." That subsidiary issue would still arise, even if Leaverton had not filed a counterclaim. I will turn to that subsidiary issue next, but the immediate conclusion is that Leaverton's Counterclaim, seeking a declaration of non-infringement, is now moot, and must be dismissed for lack of subject matter

jurisdiction, upon the dismissal of Killer Joe Nevada's claim against Leaverton for infringement.

### C. Leaverton's Entitlement To Fees And Costs As A "Prevailing Party"

Dismissal of Killer Joe Nevada's infringement claim against Leaverton pursuant to Rule 41(a)(2) and of Leaverton's non-infringement counterclaim as moot raises the question of whether or not Leaverton is entitled to attorney's fees and costs as a "prevailing party." This is so, because "[a]s part of the remedy in a copyright infringement action, 'the court may also award a reasonable attorney's fee to the prevailing party.'" *Pearson Educ., Inc. v. Almgren*, 685 F.3d 691, 695 (8th Cir. 2012) (quoting 17 U.S.C. § 505); 28 U.S.C. § 505 (also providing for "the recovery of full costs by or against any party" other than the United States or a United States officer).

The parties do not dispute that Leaverton is a "prevailing party," if dismissal of Killer Joe Nevada's infringement claim is *with prejudice*, and I agree. *See, e.g., Cadkin v. Loose*, 569 F.3d 1142, 1147-49 (9th Cir. 2009) (joining all Circuit Courts of Appeals to consider the question by holding that voluntary dismissal with prejudice of a plaintiff's infringement claims confers "prevailing party" status on a defendant under § 505). The parties disagree, however, on whether dismissal should be conditioned upon an award to Leaverton of her attorney's fees and costs as a "prevailing party."

As the Eighth Circuit Court of Appeals has explained,

> The trial court's "equitable discretion" to award attorney's fees to a prevailing party under § 505 is "to be exercised in an evenhanded manner by considering factors such as whether the lawsuit was frivolous or unreasonable, the losing litigant's motivations, the need in a particular case to compensate or deter, and the purposes of the Copyright Act." *Action Tapes, Inc. v. Mattson*, 462 F.3d 1010, 1014 (8th Cir.2006) (citing *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 534 & n. 19, 114

11

> S.Ct. 1023, 127 L.Ed.2d 455 (1994)). We review for an abuse of that discretion, which occurs "when a relevant factor that should have been given significant weight is not considered; when an irrelevant or improper factor is considered and given significant weight; [or] when all proper factors, and no improper ones, are considered, but the court, in weighing those factors, commits a clear error of judgment." *Fair Isaac Corp. v. Experian Info. Solutions, Inc.*, 650 F.3d 1139, 1152 (8th Cir.2011) (quoting *Kern v. TXO Prod. Corp.*, 738 F.2d 968, 970 (8th Cir.1984)).

*Pearson Educ., Inc.*, 685 F.3d at 695-96; *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 522-33 (1994) (holding that prevailing plaintiffs and prevailing defendants are to be treated the same way under § 505). I conclude that the pertinent factors do *not* warrant an award of attorney's fees to Leaverton or conditioning the dismissal of the claim and counterclaim between these parties upon such an award.

First, contrary to Leaverton's contentions—involving innuendo, but no supporting authority—Killer Joe Nevada's reliance on IP addresses to identify alleged infringers was not frivolous or unreasonable. *Id.* Indeed, the subpoena provision of the Digital Millennium Copyright Act, 17 U.S.C. § 512(h), expressly provides for identification of alleged copyright infringers from their IP addresses. *See generally Recording Indus. Ass'n of America, Inc. v. Verizon Internet Servs., Inc.*, 351 F.3d 1229 (D.C. Cir. 2003). I also conclude that identification of "Doe" defendants by their IP addresses plausibly alleges copyright infringement by the owners or persons responsible for those IP addresses. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (establishing the "plausibility" standard for pleading); *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (reiterating the "plausibility" standard for pleading). Specifically, I agree with the holdings of district courts that, "[a]lthough [defendants] correctly assert[] that subscriber identity does not always correspond with infringer identity, 'the difficulty that the Plaintiff will ultimately

12

have in proving that the individual John Doe Defendant was the one who actually utilized the IP address to commit the accused copyright infringement is not relevant in the context of a motion to dismiss.'" *Malibu Media, L.L.C. v. John Does 1-11*, No. 12 Civ. 3810(ER), 2013 WL 3732839, *4 (S.D.N.Y. July 16, 2013) (quoting *Patrick Collins, Inc. v. John Doe 1*, 12 Civ. 1154(ADS)(GRB), 2013 WL 2177787, *8 (E.D.N.Y. May 18, 2013)). Nor, I conclude, is it relevant to the reasonableness of claims of infringement based on IP addresses for purposes of determining whether or not to award fees to a prevailing defendant under § 505. *See Pearson Educ., Inc.*, 685 F.3d at 695-96 (identifying the first pertinent factor under § 505 as whether the losing party's claim was frivolous or unreasonable).

Leaverton is quick to impugn the motivations of Killer Joe Nevada and its attorneys and to assert that deterrence of their conduct requires an award of her attorney's fees and costs. *See Pearson Educ., Inc.*, 685 F.3d at 695-96 (identifying relevant factors as including the losing litigant's motivations and the need in a particular case to deter). Once again, however, Leaverton does so based entirely on innuendo and supposition. I am unwilling to find that Killer Joe Nevada's motivation was suspect or that its conduct requires deterrence in light of two facts: (1) Killer Joe Nevada's plausible and proper allegations of infringement by Leaverton, based on her ownership of or responsibility for an IP address identified as involved in alleged infringement of Killer Joe Nevada's copyright, and (2) Killer Joe Nevada's prompt voluntary dismissal of claims against Leaverton, when further investigation satisfied Killer Joe Nevada that Leaverton did not commit the alleged infringement.

Leaverton argues that she has nonetheless been subjected to attorney's fees and costs for which she should be compensated. *See Pearson Educ., Inc.*, 685 F.3d at 695-96 (including among relevant factors the need in a particular case to compensate the prevailing party). Killer Joe Nevada may be right that Leaverton could have stopped this

litigation sooner, if she had responded to Killer Joe Nevada's initial contacts and settlement offers, rather than filing an Answer and Counterclaim as her first response. On the other hand, Leaverton was entitled to respond within the bounds of the law by asserting a counterclaim for declaratory judgment and was under no obligation to employ a minimum-impact litigation strategy. *See id*. at 696. What Leaverton was never guaranteed, however, was that attorney's fees generated by her strategy of choice would be compensated. *See id.* (citing *Fogerty*, 510 U.S. at 534, as rejecting a proposed construction of § 505 that would result in automatic recovery of attorney's fees by the prevailing party).

I conclude that the relevant factors do not require an award of Leaverton's attorney's fees and costs under § 505, or conditioning dismissal of the claim and counterclaim between Killer Joe Nevada and Leaverton on such an award, notwithstanding Leaverton's status as the "prevailing party" in this copyright infringement action.

### III. CONCLUSION

Upon the foregoing,

1. Plaintiff Killer Joe Nevada's June 11, 2014, Motion For Dismissal With Prejudice [Of] Both Plaintiff's Complaint Against Leaverton And Defendant Leaverton's Counterclaim (docket no. 46) is **granted**, as follows:

    a. Killer Joe Nevada's Complaint of copyright infringement against Leaverton is **dismissed** *with prejudice*;

    b. Leaverton's Counterclaim of non-infringement of Killer Joe Nevada's copyright is **dismissed** *with prejudice*.

2. Defendant Leaverton's request for an award of attorney's fees and costs as a "prevailing party" pursuant to 17 U.S.C. § 505, as a condition of dismissal, is **denied**.

3. Defendant Leaverton is dismissed from this action, with Killer Joe Nevada and Leaverton each to bear their own costs and fees.

**IT IS SO ORDERED**.

**DATED** this 17th day of July, 2014.

_____
MARK W. BENNETT
U.S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA